Filed Jan. 13, 1894.

---

No. 781.

## SULT *v.* WARREN SCHOOL TOWNSHIP.

SPECIAL VERDICT.—*Failure to Find a Fact in Issue.—Burden of Proof.* —Where a special verdict is silent as to any fact in issue, such fact must be held as found against the party who was bound to prove it.

CONTRACT.—*Subscription.—Recovery of.—Substantial Compliance with Terms of Must be Shown.—Schoolhouse.—Township Trustee.*—Where citizens of a school township petition for the location of a school district and the erection of a schoolhouse therein, designating the size of the house, location, etc., and subscribing sums of money to aid in the construction thereof, to be paid when the walls are erected to the square, and the subscription is accepted by the trustee, before the amounts subscribed can be recovered the school township must show a substantial compliance with the terms of subscription.

From the Huntington Circuit Court.

*M. L. Spencer,* *W. A. Branyan* and *J. C. Branyan,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

DAVIS, C. J.—It is alleged in the complaint, that appellant, with others, executed to appellee a subscription in writing, by the terms of which appellant agreed to

pay appellee fifty dollars when a school district was located and a school house made of brick was erected therein to the completion of the walls. The subscription, a copy of which is filed with the complaint, is as follows:

"*To Thomas Bolinger, Trustee of Warren Township, Huntington County, State of Indiana:*

"We, the undersigned citizens of the town of Bippus, in said township, respectfully petition and ask you to locate at said town a public school, and erect a schoolhouse there, to be maintained at the public expense, as such, out of the tuition fund, which we believe should be fifty-four feet in length and forty-two feet in width, and two stories high, and divided into two rooms, made of brick, with suitable wooden finish, which we think should be at a cost of $3,000, and we will contribute to the said sum, for the construction thereof, the sum of money set opposite our names in the aid thereof, as soon as the walls thereof are erected to the square.

"Witness: LAFAYETTE SULT, $50.00.

"(OTHERS.)"

It is further alleged in the complaint, that in pursuance of said petition and subscription the township trustee granted the request, accepted the donation, located and ordered the construction of the building, and completed the same all substantially, in accordance with said request and petition, and that such location and erection of said building was on the strength of the subscription aforesaid, and that without such subscription and money subscribed the said building would not have been erected, as there was not sufficient money in the treasury of said township to do the work, etc.

The sufficiency of the complaint has not been in any manner questioned.

The appellant filed an answer in one paragraph, in

which he expressly waived the answer of general denial, admitted the signing and delivery of the subscription, but pleaded specially that the same was not accepted by the appellee, and that no schoolhouse, as proposed in said offer, has ever been erected, and that appellee (the trustee) refused to comply with the offer and refused to build such house, but instead thereof announced to appellant and his co-subscribers that he did not rely upon their subscription, but would build a house to suit his own notion, from the public funds of the township, and did so build the same, that is to say thirty-eight feet long and twenty-eight feet wide and two stories high, instead of forty-two feet wide and fifty-four feet long, as proposed in the subscription, and that the same was built at a place remote from the town, all over the remonstrances of said subscribers, etc.

A demurrer was overruled to this answer, and a reply of general denial thereto was filed. On trial by a jury, there was a general verdict for appellant, which, on motion for new trial by appellee, was set aside. On the next trial, the jury returned a special verdict, in which they found, in substance, that the subscription paper above set out was signed by appellant and delivered to appellee (the trustee), and that the same was accepted by the trustee. The residue of the verdict is as follows:

"Afterwards and before any work was done or any material was furnished for the building of a schoolhouse in said district, and while he was still trustee of said school township, he declared to some of the subscribers, that he did not expect them to pay said subscription; that he was building said school house where he pleased and as he pleased, without any reliance upon said subscription, and that he did not want the same; and we find that the plaintiff abandoned said petition, * * and

that in lieu thereof he erected near the town of Bippus, in said township, a school house twenty-eight feet wide and thirty-eight feet long, with a cloak room fourteen feet and eight inches wide by twenty feet long, said building being two stories high with only one room down stairs and one room up stairs for pupils to occupy, of which the lower room was for the school district and the upper room was for the township as a high school or graded school which the pupils of said district, in high school grade, could use in common with the pupils of the same grade of the other school districts of said township. We find that the seating capacity in the lower room of said house was for sixty-eight or seventy pupils, and that there were at least seventy-seven at the time enrolled for attendance in said room. We further find that said building was not constructed on the faith of said subscription, and that the subscription had been mutually abandoned by all parties thereto, before any work had been commenced or any material furnished, and that demand was made on defendant, after said building was up to the square and before suit.''

Then follows the formal conclusion.

There was no objection made by either party to the verdict. Neither party filed a motion for a *venire de novo* or a motion for a new trial. Each party moved for a judgment in his favor on the verdict. The court sustained appellee's motion, to which ruling appellant excepted. The evidence is not in the record.

The errors assigned by appellant are:

1. That the court erred in overruling appellant's motion for a judgment in his favor on the special verdict.

2. That the court erred in sustaining appellee's motion for judgment in its favor, and in rendering judgment thereon.

Appellee assigns as cross error the overruling of the demurrer to appellant's answer.

The answer denies the acceptance of the subscription, denies that it was relied or acted upon by appellee, and also denies a compliance with its terms, and it may be regarded as equivalent to a general denial.

The sufficiency of the answer, regarded merely as a general denial, is not, in fact, controverted by appellee in argument, although counsel say that they "do not waive the point;" and on this theory, if no other, there was, in our opinion, no error in overruling the demurrer thereto.

The principal — the controlling — question for our consideration is, was appellee entitled to recover judgment on the special verdict of the jury?

The rule is settled that if a special verdict is silent as to any fact in issue such fact must be held as found against the party who was bound to prove it. *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566 (575); *Evansville, etc., R. R. Co.,* v. *Maddux,* 134 Ind. 571, 33 N. E. Rep. 345.

The burden was on appellee to establish, under the terms of the subscription and the allegations of the complaint, that the township had substantially complied with the conditions precedent, by locating at said town of Bippus and erecting to the square a schoolhouse of the kind and character designated. It was not necessary for appellee to prove a literal compliance in the performance of the conditions precedent, as to the location, size or character of the schoolhouse, but it was incumbent upon appellee to show a substantial compliance with such terms. The verdict does not, in express terms, find that the appellee has complied substantially in the performance of the conditions precedent, but it does appear that the subscription was not relied or acted upon, and that it

was rescinded and abandoned by mutual agreement of the parties, before any work had been commenced or any material had been furnished, and that the trustee, in lieu of such compliance, built a house materially less in size and capacity near the town of Bippus. Circumstances might have been shown which would have authorized the court in saying that as to size and location there was a substantial compliance, but nothing of this kind appears in the verdict.

If the question of compliance was a mixed question of law and fact, still the finding does not include all the facts which would be involved in a performance of the condition precedent; and if so much of the finding as involves conclusions of law was rejected, there would not remain either a general finding or sufficient facts to show a substantial performance of the conditions of the subscription on the part of appellee.   *Cook* v. *McNaughton,* 128 Ind. 410.

If all the statements or conclusions in regard to the agreement or intent of the parties, subsequent to the acceptance of the subscription, were eliminated and disregarded, the court could not say as a matter of law on the facts which would remain in the verdict, that appellee had substantially complied with the terms of the agreement in the performance of the condition precedent.   It does not appear how near the school house erected was to the town.   Neither are any facts or circumstances found which would warrant the conclusion that the size of the house erected was a substantial compliance either with the words or spirit of the contract, but it does appear insufficient in capacity to accommodate the pupils enrolled for attendance there.

In the view we take of the case, we are not required to consider the question as to the power of the trustee to abandon or rescind the contract after he accepted the

subscription; but if it was conceded that the agreement was not in any respect rescinded, abandoned, or modified, it was necessary, as we have seen, before appellee could recover, to show at least a substantial compliance' with the terms of the contract, on the part of the township.

The judgment of the court below is reversed, with instructions to grant appellee a new trial if moved for within ninety days, otherwise to render judgment in favor of appellant, on the verdict of the jury, all at costs of appellee.

Filed Jan. 24, 1894.