Filed Feb. 3, 1894.

———————— ♦ ————————

No. 1,066.

The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company v. Woodward.

MASTER AND SERVANT.—*Railroad.—Personal Injury of Servant.—Assumption of Risk.—Latent Defect.—Equal Opportunities to Know of.—Degrees of Care.*—If a servant is injured by reason of latent defects in appliances furnished him, the master and servant are not upon an equality. The duty resting upon them is different, and the acts required of them to constitute diligence with reference to the discovery of the defect are different. It can not, therefore, be said, in such a

case, that the servant assumed the risk because his opportunties to observe the defect were equal to those of the master, unless the duties of the servant are such as to require an inspection by him.

From the Scott Circuit Court.

*S. Stansifer*, for appellant.

*C. B. Harrod*, for appellee.

GAVIN, J.—The appellee recovered damages for injuries received by him while in appellant's employ, by reason of defects in the track and cars of appellant. The following instruction was asked by appellant:

"10th. If, in the light of the instructions, you shall find that defendant was negligent or remiss in duty to plaintiff, as alleged in the complaint, then before there can be a recovery, it devolves upon plaintiff to prove, as a fact in the case, that he did not assume the risk; that is, he must prove, by a preponderance of the evidence, not only that he did not know, but, also, and in addition thereto, that he did not have equal opportunty with the defendant to observe the alleged defects."

There was no error in refusing this instruction.

The law is settled in Indiana that in such actions as this, the plaintiff must show that he did not assume the risk of the dangerous defect. Knowledge of the danger upon his part, or the existence of such facts as that by the exercise of reasonable diligence he might have known thereof, ordinarily constitutes an assumption of the risk. *Evansville, etc., R. R. Co.* v. *Duel*, 134 Ind. 156, 33 N. E. Rep. 355; *Kentucky, etc., Bridge Co.* v. *Eastman*, 7 Ind. App. 514, 34 N. E. Rep. 835, and cases there cited; *Lynch* v. *Chicago, etc., R. R. Co.*, 8 Ind. App. 516, and cases cited.

To this general rule there are exceptions, such as those arising from the master's promise to repair, or his ordering the servant to some work or place out of the line

of his regular employment. *Becker* v. *Baumgartner*, 5 Ind. App. 576; *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20; *Joliet, etc., R. W. Co.* v. *Velie*, 26 N. E. Rep. 1086; *Greene* v. *Minneapolis, etc., R. W. Co.*, 31 Minn. 248; *Roux* v. *Lumber Co.*, 85 Mich. 519; *Brazil Block Coal Co.* v. *Hoodlet*, 129 Ind. 327; *Louisville, etc., R. W. Co.* v. *Hanning, Admr.*, 131 Ind. 528; *Cincinnati, etc., R. R. Co.* v. *Madden*, 134 Ind. 462, 34 N. E. Rep. 227.

While it is true that both master and servant will be held to know that which by the exercise of reasonable diligence they might have learned, still this rule does not by any means place the master and servant upon an equality as to the acts necessary to constitute diligence. If the defect is patent and visible, then if both master and servant have ample and equal opportunity to ascertain and know its existence, the servant might be deemed to have assumed the risk. The servant must use reasonable care, "but reasonable care does not cast upon him the duty of making an inspection to discover latent defects." *Wabash, etc., R. W. Co.* v. *Morgan*, 132 Ind. 430.

The employer, however, "is bound to make reasonable inspection of the appliances furnished the employes, to discover latent defects, and a neglect to make such inspection is a culpable breach of duty." *Wabash, etc., R. W. Co.* v. *Morgan, supra; Ohio, etc., R. W. Co.* v. *Pearcy, Admx.*, 128 Ind. 197; *Matchett* v. *Cincinnati, etc., R. W. Co.*, 132 Ind. 334; *Lake Erie, etc., R. W. Co.* v. *Mugg*, 132 Ind. 168; *Bailey* v. *Rome, etc., R. R. Co.*, 139 N. Y. 302, 34 N. E. Rep. 918; 14 Am. & Eng. Ency. of Law, 854; *Parke Co. Coal Co.* v. *Barth*, 5 Ind. App. 159.

In *Cincinnati, etc., R. R. Co.* v. *McMullen, Admr.*, 117 Ind. 439, it is said: "An employe is required to observe and avoid all known or obvious perils, even though they

may arise from defective machinery and appliances; but he is not bound to search for defects, or make a critical inspection of the appliances which are provided for his use.   These are duties of the employer.''

In *Louisville, etc., R. W. Co.* v. *Buck, Admr.*, 116 Ind. 566, Mitchell, J., speaking for the court, says: ''While the employer may expect that an employe will be vigilant to observe, and that he will be on the alert to avoid all known and obvious perils, even though they may arise from defective tools and machinery (*Atlas Engine Works* v. *Randall*, 100 Ind. 293), yet the latter is not bound to search for defects or inspect the appliances furnished him to see whether or not there are latent imperfections in or about them which render their use more hazardous.   These are duties of the master, and unless the defects are such as to be obvious to any one giving attention to the duties of the occasion, the employe has a right to assume that the employer has performed his duty in respect to the implements and machinery furnished.''

Where the danger is open and obvious to either master or servant, it might doubtless be properly said that master and servant stand upon an equality.   *Brazil Block Coal Co.* v. *Hoodlet, supra.*

But even then the servant's assumption of the risk depends not upon the equality of his opportunities with those of his master, but upon the fact that by the exercise of reasonable care he ought to have known of the danger, and is therefore held to have known it.

It is conceded by counsel for both parties, that the defect in this case was a latent one.   We think it clear that as to such a defect the master and servant are not upon an equality.   The duty resting upon them is different, and the acts required of them to constitute care with reference to the discovery of the defect are different.   It

could not, therefore, have been correctly said that the servant assumed the risk because his opportunities to observe the defect were equal to those of his master.

Of course, the nature of the duties of a servant might, in special instances, be of such character as to require an inspection, but the, appellee was simply a brakeman upon whom it is not claimed any special duty of inspection was enjoined.

We are unable to say, as a matter of law, that the defective draw bar did not, to some extent, contribute to the accident.

Judgment affirmed.

Filed Feb. 13, 1894; petition for a rehearing overruled Mar. 29, 1894.