No. 1,297.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. BREEDLOVE.

MASTER AND SERVANT.—*Incompetent Servant.—Employing and Retaining.—Injury to Fellow-Servant.*—A master who knowingly employs an incompetent servant, or retains such a servant after acquiring knowledge of his incompetency, is liable to another servant who, being without such knowledge, is injured thereby.

SAME.—*Special Verdict.—Finding as to Knowledge of Servant's Incompetency.— When not Sufficient to Charge Master with Negligence.*—In an action by a servant against a master to recover for an injury caused by an incompetent fellow-servant, a finding in a special verdict that the plaintiff did not know of the incompetency at the time of his injury and that the master did, but not showing when the latter acquired knowledge, is not sufficient to charge the master with negligence.

From the Monroe Circuit Court.

*E. C. Field* and *W. S. Kinnan*, for appellant.

*A. M. Cunning*, for appellee.

GAVIN, J.—The appellee recovered damages for personal injuries received as a result of the negligent conduct of incompetent and reckless fellow-servants.

It is unquestionably the duty of a master to refrain from negligently employing careless, reckless or incompetent servants, and it is likewise his duty to refrain from negligently retaining such servants in his employ after knowledge of their character, and for his breach of duty in either respect he must answer to the servant injured thereby. *Lake Shore, etc., R. W. Co.* v. *Stupak*, 123 Ind. 210; *Evansville, etc., R. R. Co.* v. *Duel*, 134 Ind. 156, and cases there cited.

While these same cases establish the proposition that it is essential to the sufficiency of the servant's complaint,

in an action against the master for a failure to perform his duty, that the plaintiff's want of knowledge of the incompetency, recklessness or carelessness of the fellow-servant be expressly alleged, they further decide that a direct allegation of want of knowledge is sufficient without averring that he did not have opportunity to know equal to that of the master.

There was a special verdict in the case upon which judgment was rendered for the appellee over appellant's motion for judgment in its own favor, with proper exception.

This action of the court is assigned for error, and under this assignment we meet the serious question in the case.

No special weight can be given to the finding as to appellee's want of experience or instruction, for the reason that the accident does not appear to have been in any way attributable to these circumstances, but, on the contrary, it was caused by the negligent and careless conduct of his fellow-servants, who were reckless, unskillful and incompetent to do the work in which they were engaged, "which fact was unknown to the plaintiff at the time of said wounding or at any time before said wounding as aforesaid, but was known to defendant."

The above is all there is in the verdict relating to appellant's knowledge of the character of these fellow-workmen, or negligence in their employment or retention. From this it is plain there is nothing to show negligence on the part of the master in employing these servants. The master may have used all reasonable care, and still have been imposed upon and unwittingly employed incompetent servants. The question then arises, are the facts sufficient to fasten upon the master negligence in retaining the incompetent servants with knowledge of such incompetence.

The burden is upon the plaintiff to establish his case, and the special verdict must, to enable him to succeed, embrace every fact essential to his right of recovery. *Sult* v. *Warren School Tp.*, 8 Ind. App. 655; *Shipps* v. *Atkinson*, 8 Ind. App. 505.

Unless there was negligence upon the part of the master in retaining these servants after acquiring knowledge, actual or constructive, of their character, there can be no recovery. That the finding is insufficient to establish this we are forced to decide upon the authority of our Supreme Court. *Lake Shore, etc., R. W. Co.* v. *Stupak, supra,* is conclusive against appellee.

There the plaintiff's case depended upon the careless and reckless habits of an engineer, one Pool, which the jury found were known to the defendant before the day of the accident. In the face of this finding, and of the fact that his recklessness and carelessness caused the injury, the court held that the verdict did not show this knowledge brought home to the defendant a sufficient length of time before the accident to enable it to say that defendant was negligent in failing to discharge the engineer after acquiring such knowledge. We quote from the opinion: "It is true the jury find that the appellant had knowledge of the negligent habits of Pool, the engineer, but we are not informed as to when such knowledge was acquired by the appellant. It may have been on the 12th day of August, after the close of business hours, the day before the injury to the appellee occurred. It may have been communicated to some officer of the appellant who had no power to discharge Pool. * * * The material charge against the appellant, and without which the complaint would be bad, is that the appellant, with notice of the negligence and carelessness of Pool, the engineer, carelessly and negligently retained him in its service. * * * It is true the jury found that the

appellant had knowledge of the careless habits of Pool before the day on which the injury occurred, but this does not authorize us to say, as a matter of law, that it negligently retained him in its service after such knowledge.''

The law is well expressed in 2 Rorer on Railroads, 1178:    ''It is the duty of the company to employ competent, trustworthy and sober persons, and none other, in the various operations of conducting its business. To this end, it is not only bound to observe due care and diligence in their selection, but to discharge from time to time, with promptness, such as, having been selected and employed, shall in any one of these respects prove unfit or faithless, if such unfitness or unfaithfulness be brought to its knowledge, or there be such circumstances as in law will charge it with knowledge.''

The utmost that can be claimed for this verdict, is that it shows appellant to have had knowledge of the incompetency, etc., before the accident, but how long before, it wholly fails to disclose. Neither does it appear for what length of time these men had been in appellant's employ.   To enable us to declare negligence in appellant's failure to discharge the men between the time of acquiring this knowledge of their character and the occurrence of the accident, it is absolutely essential that we should be informed as to the length of time which elapsed between the two events.

With the law as it has been declared to be, it is impossible for us to do otherwise than hold that appellee's case was not made out.

The judgment is reversed, with instructions to the trial court to render judgment on the verdict in favor of appellant.

Filed Oct. 11, 1894.