Gavin, J,
The appellant sued appellee for damages on account of injuries received while endeavoring to alight from its street car. The case comes to this court on a special verdict, upon which judgment was rendered in appellee’s favor.
The leading facts, briefly stated, which appear in this verdict, are that on April 24th, 1892, appellee was operating a street railway in the city of Marion; that appellant became a passenger on one of its cars and paid appellee the usual fare from the point where she entered to Twenty-sixth street; that appellant ran a motor and trailer coupled together, both in charge of a motorman and a conductor, whose duty it was to control and operate the car for the convenience and safety of its passengers, to give signals for starting and halting, and to see that passengers were afforded an opportunity to enter the car and alight therefrom in safety; that it was the usual custom of appellee to provide a conductor for each car, but for these two cars one only was provided, and he a youth of 17 years of age; “that when the cars reached Twenty-sixth street the conductor was in the rear coach collecting the fares, and that a signal was given about fifty feet before reaching Twenty-sixth street for said car to stop, which signal was given by appellant, as was the custom of passengers to sometimes do; that said signal was heard by the motorman, who slowed up and came to almost a halt, but did not stop, when another signal *682 was given to halt, as intended by plaintiff, and that at the time of giving said signal she was about to alight from said car, but that said conductor paid no attention to said signal nor to said passenger, this plaintiff, and that at said time said car was moving slowly and as she stepped upon the platform to alight it was suddenly propelled forward and precipitated her upon the ground by said quickened motion of said car” whereby she was injured; that while so alighting appellant did not believe she was in danger and received no notice or warning of danger therein; “that the defendant was guilty of not providing an additional conductor or help in the management of said car, and was guilty of putting upon said cars in management of the same so young and inefficient a conductor, ’ ’ and was ‘ ‘guilty of not coming to a full stop at Twenty-sixth street that plaintiff might alight in safety.”
The phraseology of these last two clauses is peculiar and just what is intended to be found by them is not clear, although we presume it was meant by “guilty” “negligent.” This, at least, is the construction most favorable to appellant.
Appellant seeks to recover for injuries received by reason of appellee’s negligence. In such actions the law is well settled that it must appear that the defendant’s negligence was the proximate cause of the injury, and that the plaintiff was free from contributory negligence. Both these elements must concur, and the burden is upon the plaintiff to establish both. Citizens’ St. R. W. Co. v. Twiname, 111 Ind. 587; Booth St. Railway, sections 378-381; City of Valparaiso v. Ramsey, 11 Ind. App. 215.
It does not aid .the plaintiff to show negligence upon the part of the defendant, unless such negligent act be also the proximate cause of the injury.
*683 The facts essential to appellant’s recovery must appear in the special verdict. A special verdict is not to be scrutinized and examined as with a microscope to bring to light infinitesimal defects and subtle and refined distinctions so shadowy as to be practically unreal. Becknell v. Hosier, 10 Ind. App. 5.
It is to be construed reasonably and fairly (Branson v. Studabaker, 133 Ind. 147), but it must contain within itself, without aid by intendment or inference, other than those which necessarily follow, all those essential facts which are required to authorize a recovery by the party upon whom rests the burden of proof. Gordon v. Stockdale, 89 Ind. 240; Pittsburgh, etc., R. R. Co. v. Spencer, 98 Ind. 186; Noblesville, etc., Co. v. Loehr, 124 Ind. 79; Sult v. Warren School Tp., 8 Ind. App. 655.
Erom this verdict, we regard it as clear that appellant’s counsel are right in their assertion that the proximate cause of the injury was the sudden jerk caused by the acceleration of speed as appellant stepped from the slowly moving car. We are unable, however, to see how it can be said that the verdict affirmatively shows that this jerk was caused by the negligence of appellee and without any contributory negligence upon appellant’s part. It may well be that the verdict does not show affirmatively appellee free from fault and appellant in fault, but to' hold this enough would be to reverse the rule applicable in such cases.
So far as appears from the verdict, appellant in no other way informed the appellee of her desire to leave the car at Twenty-sixth street than by the signal given by herself to the motorman, in pursuance of which he slowed up and came to almost a stop, when she gave another signal, intended by her, indeed, as a stopping signal, but which may well have been the regular signal to start up the car. If it was, there was no negligence *684 in the motorman’s obeying it, unless he knew, or, by the exercise of due care, might have known that appellant was not. yet off, but was in a position of danger should he start up the car. Nothing of this kind is found. So far as the verdict shows, the motorman and conductor were as ignorant of her danger as she was herself. Nor does it appear that the car would not have come to a full stop had appellant delayed giving the second signal. Plainly, we must, according to the rules of law, presume the starting to have been induced by this second signal. Had this signal been given by the conductor, or had the motorman started up without any signal, and before appellant had safely alighted from the car, it might be urged that it was appellee's duty to see that she had safely reached the ground before causing the car to start, as in Anderson v. Citizens’ Street R. W. Co., 38 N. E. Rep. 1109.
Filed Jan. 18, 1895.
So far as we can ascertain from this verdict, appellant's mishap was caused by her own unnecessary act rather than by any negligent act of the appellee.
Judgment affirmed.