Eureka Block Coal Co. of Terre Haute, Indiana, *v.* Bridgewater.

Filed May 16, 1895.

---

No. 1,586.

## EUREKA BLOCK COAL CO. OF TERRE HAUTE, INDIANA, *v.* BRIDGEWATER.

PLEADING.—*Contributory Negligence.—General Averment, When Sufficient.*—The general allegation of freedom from contributory negligence is sufficient, unless the special facts alleged show that plaintiff was guilty of such negligence.

APPELLATE COURT PRACTICE.—*Evidence.—Verdict.* — There being some evidence to sustain the verdict, the appellate court cannot disturb it.

INSTRUCTIONS TO JURY.—*Repetition.—Refusing to Give.*—It is not error to refuse an instruction, where to give it would be but to repeat what was already given.

From the Clay Circuit Court.

*J. A. McNutt* and *J. T. Hutchinson*, for appellant.

*A. W. Knight* and *G. A. Knight*, for appellee.

Ross, J.—The appellee sued and recovered judgment against the appellant for personal injuries alleged to have been received by him while employed as a miner in appellant's coal mine.

Eureka Block Coal Co. of Terre Haute, Indiana, *v.* Bridgewater.

The first specification of error assigned calls in question the sufficiency of the complaint. The only objection pointed out is that the facts alleged show that the appellee was guilty of negligence contributing to his injury. In this contention we think counsel for appellant are in error. It is alleged not only that the danger was not apparent, but that appellee was injured without any fault on his part. The general allegation that the appellee was free from negligence contributing to his injury is sufficient, unless the special facts alleged show that his own negligence did contribute to his injury. The specific facts alleged in the complaint before us are not sufficient to overcome the general allegation of appellee's freedom from fault. So far as any objection has been pointed out, we think the complaint sufficient.

The next specification of error is, "The court erred in overruling the appellant's motion for a new trial."

It is very earnestly insisted that the evidence is so overwhelming and conclusive against the verdict that the jury could not have reached the same except it was the result of passion, prejudice and misapprehension of the facts. At the same time counsel admit that there is some evidence to sustain the verdict. This being true, we cannot disturb the verdict on the evidence.

It is next urged that the court erred in refusing to give instruction number eight of those tendered by the appellant.

The court did not err in refusing this instruction. Instructions numbered six and seven of those given by the court fully cover the propositions embraced in the one refused. To have given the one requested by the appellant would have been but to repeat what the court had instructed the jury was the law by instructions six and seven referred to. These instructions plainly told the jury that if the appellant furnished appellee with

the necessary timbers to make props and caps, and he neglected to use them, he could not recover. The main controversy was whether or not the appellant did furnish such timbers. The jury must have found that the timbers were not furnished, otherwise their verdict would have been for appellant.

We find no reversible error in the record.

Judgment affirmed.

Filed June 6, 1895. Petition for rehearing overruled October 17, 1895.