Filed October 15, 1895.

---

No. 1,576.

## Evansville and Richmond R. R. Co. *v.* Malott.

PLEADING.— *Complaint.* — *Contributory Negligence.* — The general averment of freedom from contributory negligence will render the complaint sufficient in that respect, unless the facts specifically stated clearly show that there was contributory negligence.

RAILROAD.—*Verdict.*—*Sufficiency of Evidence.*—*Employe.*—That the evidence is sufficient to support the verdict, in an action by a railroad employe for damages sustained while attempting to make a car coupling, see opinion.

From the Lawrence Circuit Court.

*W. R. Gardiner, C. G. Gardiner, W. R. Gardiner, Jr.,* and *R. N. Palmer,* for appellant.

*Matson & Giles,* for appellee.

REINHARD, C. J.—Appellee alleges in his complaint that he was a conductor on a freight train on appellant's railroad; that while engaged in making up a work train in the appellant's yard, at Bedford, he was injured by a defective car; that he had been ordered by appellant to make up said train to take it to Seymour, and had also been ordered to take said car (marked "E. & T. H." and numbered "3625") into said train; that before he attempted to take said car from the side-track on which it stood, he had placed upon the main track a

Vol 13—19

certain coach in which the appellant's workmen were to be conveyed, and into which a dozen or more of said workmen had gone to take passage on said train when it was made up ; that after so placing said car he undertook to take the E. & T. H. car from the side-track and place it in said train, and gave to one Fairchild, an engineer of appellant's road, and who had been ordered by appellant to help make up said train, orders to so place said E. & T. H. car on the main track in said train and next to said coach, and while so engaged, without any fault of said Fairchild, or of the appellee, or any of his co-employes, the E. & T. H. car was started down a steep grade on the main track toward said coach and toward the crossing of the appellant's road and the Louisville, New Albany & Chicago Railway, which was situated between where said car started and the said coach, and to avoid a possible collision at such crossing with the engines and cars of the Louisville, New Albany & Chicago Railway, and to avoid a collision between said E. & T. H. car and said coach, which he avers would have been dangerous to the workmen in said coach, he immediately gave orders to said Fairchild to run his engine after said car and overtake it, and for the purpose of securing said car and holding it so that it would not collide with said coach, or with said engines and cars, he did go upon the brake-beam of the tender of said engine which said Fairchild ran toward said E. & T. H. car, so that he might couple the same to said engine when it was overtaken, and he rode upon said brake-beam safely until said car was overtaken, and he had in his hand a coupling pin, ready to couple said car to the engine, but he avers that said E. & T. H. car was out of repair in this, that the end-gate thereof, it being a coal car, was loose and not fastened to said car, so that when the engine struck the

car so as to couple it to the engine and hold and stop it, the jar caused said loose and defective end-gate to swing around and strike the appellee with great force and violence, and to crush him between said end-gate and the said tender, thus seriously wounding and bruising him about the hip, etc. ; that said car was also defective in this, that the brake was broken so that it could not be stopped except by holding it by some appliance outside of said car ; that he did not know of the defective condition of said car, but that appellant did know it ; that the injuries happened because of the negligence of appellant in permitting said car to be and remain out of repair, knowing it to be so, and that in all said matters appellee was without any fault or negligence on his part. The overruling of a demurrer to the complaint is assigned as error.

It is insisted by the learned counsel for appellant that the complaint is insufficient, for the reason that upon its face it shows the appellee to have been guilty of contributory negligence. This negligence, the counsel say, is apparent from the conduct of appellee in jumping onto the brake-beam with a coupling-pin in one hand and the other necessarily employed in holding himself on, "thus riding in a chase after the car that he had sent down the grade in the hope of coupling it to the engine while both were under headway, the possibility of the accomplishment of which he does not claim." It must be admitted that the hazard necessarily incurred by the appellee in placing himself in the position described in the complaint was considerable, and if it appeared that he received his injury while in this position, and as a result thereof, there would be much force in counsel's argument that the injury was due in whole or in part to the appellee's own careless conduct, unless, indeed, the fact that a great emer-

gency existed in which the safety of life and property were involved, and that a sense of duty prompted him to pursue this course, changed the rule.    But it does not appear from the complaint that the appellee's position on the brake-beam, or the speed of the engine in approaching the car, in any way contributed to the injury. On the contrary, it is averred that he rode on the brake-beam safely until the E. & T. H. car was overtaken. For aught that appears the engine may have been going at a very slow rate of speed and the appellee may have been walking between it and the car when the coupling was made.    We cannot say that he would not have been able to make the coupling in any event, even if the car had been in good repair.    We know judicially that coupling cars is a dangerous undertaking at best, and if employes are to be held guilty of contributory negligence because they undertake to discharge this duty under dangerous circumstances, however negligent the employer may have been, we apprehend that there could be few if any recoveries in this character of cases of negligence.    We think the general averment of freedom from contributory fault is not overcome by the other averments of the complaint.    The rule is well settled in this State that "unless the facts specifically stated clearly show that there was contributory negligence, the general averment will rescue the complaint from its assailant."    *Citizens' Street R. R. Co.* v. *Spahr*, 7 Ind. App. 23, and authorities cited on p. 26. The court did not err in overruling the demurrer to the complaint.

The remaining error assigned calls in question the sufficiency of the evidence to support the verdict.    The appellant's counsel contend that it is conclusively shown by the evidence that appellee had knowledge of the defective condition of the E. & T. H. car for some time

prior to the accident, and that he was, therefore, negligent in attempting to make the coupling under the circumstances. That appellee did have information that a car similar to the one by which he was injured had a loose or broken end-gate is clearly enough shown. But that he knew it to be this identical car is a proposition he stoutly denied when testifying as a witness. Evidence is not wanting which tends to prove that appellee was in the line of duty endeavoring to couple the E. & T. H. car to the locomotive or tender, and that he did not know the condition of this particular car at the critical period, nor is the undisputed evidence such as to force the conclusion that appellee was at fault in not making an examination of the E. & T. H. car before he attempted the coupling. Apparently there was a great emergency which required the appellee to act promptly in order to avoid a serious collision with the coach containing a number of appellant's workmen, and under such conditions there was no time for examinations. While it must be admitted that the apparent preponderance of the evidence is such as to convict the appellee of gross recklessness in undertaking to accomplish so dangerous a feat, if we view the case from the appellee's side and give full credence to his testimony, we cannot say that he was at fault. The court and jury heard both sides of the evidence, and as they have determined the question of contributory negligence in appellee's favor, we do not feel warranted in disturbing the judgment for this cause.

Objections are made to some of the instructions given, but when they are all considered together, we think they state the law applicable to the case correctly and are not such as would tend to mislead the jury. Nor do we think there was any error in refusing instructions re-

quested by appellant, as those given sufficiently covered the ground gone over by those which were denied.

Judgment affirmed.

Filed October 10, 1895.