Clark County Cement Company v. Wright, Administrator.

---

## CLARK COUNTY CEMENT COMPANY v. WRIGHT, ADMINISTRATOR.

[No. 2012.   Filed January 27, 1897.]

PLEADING.—*Complaint.*—*Master and Servant.*—The complaint in an action for the death of an employe need not allege want of knowledge of the danger on the part of the decedent, where he had been ordered to work out of the line of or away from the place of the work he was engaged to perform. *p. 632.*

SAME.—*Complaint.*—*Master and Servant.*—A complaint in an action for damages against an employer for negligently causing the death of an employe, alleging that the work at which decedent was engaged by the employer's orders when killed was entirely different from the work he was employed to do, and was more dangerous and hazardous, and had to be performed with different workmen, and with appliances and in a place different from those of the work

Clark County Cement Company *v.* Wright, Administrator.

he was employed to do, sufficiently shows that the decedent was killed while performing work which he was not originally employed to do. *pp. 632, 633.*

MASTER AND SERVANT.—*Negligence.*—An employe is not, as a matter of law, negligent in obeying his employer's order to perform a different kind of work from that which he was employed to perform with knowledge that it was more dangerous. *p. 633.*

APPEAL.—*Presumption.*—It will not be presumed on appeal that the plaintiff's intestate knew of certain defects in machinery in the face of an allegation in the complaint that he did not know of them.

MASTER AND SERVANT.—*Duty of Master to Furnish Safe Working Place.*—It is the duty of the master to furnish his employes with reasonably safe working places and with reasonably safe appliances with which to work, and to use every reasonable care to keep such places and appliances in such condition. *p. 634.*

PLEADING.— *Complaint.*— *Negligence.*—In an action for damages against an employer for negligently causing the death of an employe, a complaint containing an averment of negligence on the part of the defendant, and an averment of the want of contributory negligence on the part of the plaintiff's intestate is sufficient against a demurrer, unless the facts specifically stated in the complaint show the contrary. *p. 634.*

APPEAL AND ERROR.—*Assignment of Errors.—Instructions.*—An assignment that the court erred in giving a series of instructions designated by number "and to the giving of each of said instructions" is a several and not a joint assignment of errors. *pp. 635,636.*

WITNESS.—*Expert Testimony.—Life Insurance.*—One who has been an agent and doing business for a life insurance company for eight years, and has been supplied by his company with tables giving the expectancy of life which he has used in his business, is competent to testify as an expert as to the expectancy of the life of a given person. *p. 635.*

MASTER AND SERVANT.—*Knowledge of Defects. —Assumption of Risk. —Burden of Proof.*—In an action for the death of an employe the burden is upon the plaintiff to show that his intestate had no knowledge of any defect in the machinery or appliances with which he worked; and that he had not assumed the risk of the danger. *p. 638.*

SAME.—*Fellow Servant.*—An employe, whose duty it is to apply the power for drawing a car loaded with rock up an incline to the top of cement kilns, and another employe, whose duty it is to give the signal as to when to apply the power and to attend to the unloading of the car, are fellow servants. *p. 639.*

APPEAL.—*Verdict of Trial Court not Disturbed if Substantial Justice is Done.*—A verdict will not be disturbed on appeal unless it appears that substantial justice has not been done. *p. 639.*

Clark County Cement Company *v.* Wright, Administrator.

From the Clark Circuit Court. *Reversed.*

*M. Z. Stannard* and *Ward H. Watson,* for appellant.

*Laurent A. Douglass,* for appellee.

HENLEY, J.—This was a suit for damages for negligently causing the death of appellee's decedent while working for appellant.

Counsel for appellant argue the insufficiency of the first paragraph of complaint because it fails to show decedent's want of knowledge of the dangerous defects which caused his death.

Ordinarily the servant does, as a part of his contract, assume the risk of all known dangers connected with his employment.

*Pennsylvania Co.* v. *Witte,* 15 Ind. App. 583, and cases therein cited; *New Kentucky Coal Co.* v. *Albani, Admx.,* 12 Ind. App. 497; *Ames, Admr.,* v. *Lake Shore, etc., R. W. Co.,* 135 Ind. 363.

It is also true, as in those cases decided, that want of knowledge of the danger is an independent element of the plaintiff's case which must be affirmatively shown by the complaint. The rule, however, is not applicable where the servant is ordered to do work out of the line of, or away from the place of the work he is hired to perform. *Stuart* v. *New Albany Mfg. Co.,* 15 Ind. App. 184; *Brazil Block Coal Co.* v. *Hoodlet,* 129 Ind. 327; *Louisville, etc., R. W. Co.* v. *Hanning, Admr.,* 131 Ind. 528; *Cincinnati, etc., R. R. Co.* v. *Madden,* 134 Ind. 462; *Pittsburgh, etc., R. W. Co.* v. *Woodward,* 9 Ind. App. 169; *Lynch* v. *Chicago, etc., R. R. Co.,* 8 Ind. App. 516; *Kentucky, etc., Bridge Co.* v. *Eastman,* 7 Ind. App. 514; *Evansville, etc., R. R. Co.* v. *Holcomb,* 9 Ind. App. 198.

While the terms of decedent's employment are not definitely stated in the complaint, nor any specific

averment made as to just what work he was to perform under it, yet it is directly and pointedly alleged that the work at which he was engaged by the master's orders when killed, was entirely different from the work which he was employed to do, and was more dangerous and hazardous than such work, and had to be performed with different workmen operating under different rules and methods, and with appliances, and in a place distinct and different from those of the work which decedent was employed to do. These averments entirely exclude the possibility of the work, in the performance of which decedent was killed, being the same as that which decedent was originally employed to do.

Nor can it be said that decedent was necessarily negligent by reason of his obeying the master's orders, with knowledge of the additional hazard of the new work. The Supreme Court in *Brazil Block Coal Co.* v. *Hoodlet, supra,* say:

"When a master orders a servant to do something which involves encountering a risk not contemplated in his employment, although the risk is equally open to the observation of both, it does not necessarily follow that the servant either assumes the increased risk, or is negligent in obeying the order. If the apparent risk is such that a man of ordinary prudence would not take the risk, the servant acts at his peril. But unless the apparent danger is such as to deter a man of ordinary prudence from encountering it, the servant will not be compelled to abandon the service, or assume all additional risk, but may obey the order, using care in proportion to the risk apparently assumed, and if he is injured the master must respond in damages."

This court is of the opinion that the first paragraph of complaint stated facts sufficient to consti-

tute a cause of action, and therefore the lower court did not err in overruling the demurrer thereto.

The second paragraph of complaint proceeds upon the theory that appellant did not provide the decedent with a safe working place and appliances, and directly avers that the machinery with which decedent worked was so constructed that decedent was exposed constantly to danger, all of which was unknown to decedent and was known to appellant. That the decedent's death was caused by the wrongful act and negligence of appellant and without any fault or carelessness of decedent. This court will not presume that the decedent knew of the defects in the machinery, if any there were, in the face of the allegation in the complaint that he did not know of them. *Bedford Belt R. W. Co.* v. *Brown*, 142 Ind. 659.

That the master must use reasonable care to provide his employes with reasonably safe working places, and with reasonably safe appliances with which to work, and to use every reasonable care to keep such places and appliances in such condition, is the undisputed law of the State, and has been so repeatedly held by this court and the Supreme Court of this State that argument for and against the proposition, and citation of the authorities, become useless.

It is also well settled in this class of actions that the averment of negligence on the part of the defendant, and the averment of the want of contributory negligence or knowledge of dangerous defects by the plaintiff is to be deemed sufficient against a demurrer, unless the facts specifically stated in the complaint show the contrary. *Chicago & Erie R. W. Co.* v. *Wagner* (Ind. App.), 45 N. E. 76; *Evansville, etc., R. R. Co.* v. *Malott*, 13 Ind. App. 289; *Eureka Block Coal Co.* v. *Bridgewater*, 13 Ind. App. 333.

And that the general averment of knowledge or

Clark County Cement Company *v*. Wright, Administrator.

want of knowledge includes both actual and imputed knowledge. *Pennsylvania Co.* v. *Witte, supra.*

The lower court properly overruled the demurrer to the second paragraph of complaint.

We have examined the question of the competency of the evidence of the witness, Thomas B. Rader, objected to by appellant, and are of the opinion that the witness had sufficient experience and showed himself sufficiently familiar with the subject about which he testified, to make him competent as an expert in the matter testified about. This witness testified that he had been in the life insurance business eight or ten years; that he was supplied by his companies with tables giving the expectancy of life; that he used the same in his business; and, over the objection of appellant's counsel, was permitted by the court to refer to his tables and tell the jury the decedent's expectancy of life. We think the witness competent and the testimony proper. *Shover, Admr.*, v. *Myrick*, 4 Ind. App. 7.

Appellant contends that the court erred in giving certain instructions to the jury, and one of the reasons assigned for the new trial herein is as follows:

"That the court erred in giving to the jury instructions numbered 1, 2, 3, 4, and 5, of the series of instructions given to the jury in said cause, by the court of its own motion, and in giving each of said instructions.

"That the court erred in giving to the jury instructions numbered 1, 2, 3, 4, 5, 5 1-2, 6, 7, 8, 9, 10, and 11, of the series of instructions tendered to the court by the plaintiff, and given by the court to the jury at the plaintiff's request, and in giving each of said instructions."

Counsel for the appellee argue that the foregoing assignments are joint, and that if either of the instructions named therein was properly given the error

in giving any other instruction named therein would not be noticed by the court. The rule stated by counsel is correct where the assignment is joint. *Tegarden, Admr.* v. *Phillips,* 14 Ind. App. 27.

But in this case the assignment is several, being made so by the closing words, "and in giving each of said instructions."

Taken as a whole, we do not believe the instructions given by the court stated the law unfairly to the appellant.

The evidence in the cause establishes the following facts: That decedent was a man thirty-three years of age, in good health, intelligent, and possessed of all his faculties; that he had worked about cement mills for ten years and probably longer; that the greater portion of this time he was engaged in that portion of the business known as "coaling;" that he was thoroughly familiar with the duties of a coaler; that he was employed to work for appellant under a general employment, to do whatever work was to be done about the mill; that it was stipulated in the contract of employment that decedent should have one dollar and thirty-five cents per day for work in the quarry, and one dollar and seventy-five cents per day for work as coaler; that during the time he was employed by appellant he ran the steam drill, drilled, sledged, and loaded rock, headed barrels, tied sacks, drew lime, and coaled; that during the time he worked for appellant, covering about twelve months, he worked as coaler upon as many as thirteen different periods of time, and received under the contract the stipulated coaler's wages; that while engaged in the work of coaling the kilns he received the injury from which he died; that decedent was alone when the accident occurred. The evidence further shows that a part of the duties of the coaler was to attend to the

Clark County Cement Company v. Wright, Administrator.

drawing up of the car, and dumping the rock, with which the car was loaded into the cement kilns. These kilns were circular in shape, built of sheet iron and lined with fire brick, and stood five in a row. The car loaded with rock reached the top of the kilns by means of an incline, upon which there was a track for the car to run, and the incline and track began at the quarry near by, and extended to the top of and across and over the tops of all the cement kilns; the car with its load was drawn up the inclined track and over the kilns by a wire rope and friction pulley controlled and operated by the crusher feeder in the crusher room, situated a short distance from the kilns; on the top of the kilns and extending along the track upon which the car ran, was a walkway for the use of the coaler, and in the performance of his duties it sometimes became necessary for him to leave the walkway and cross the track; that there was a wire extending from the top of the kilns where the coaler worked, into the crusher room which connected with a bell which was used for giving signals between the coaler and the crusher feeder; that decedent was acquainted with the manner and mode of giving the signals, and the effect of the same; that while decedent was upon the track and between the end of the car and the power, the car not yet having been taken back down the incline by the horse power provided therefor, after the same had been unloaded, the signal was given the crusher feeder to apply the power to draw up the car; the power was applied and the car, already up, was pulled off over the end of the track and over the last kiln to the ground, thus striking decedent and inflicting injuries from which he died. The evidence shows that decedent was acquainted with his surroundings, and if, as the appellee claims, the machinery was defective, the evidence shows no such de-

fects; and the defects claimed and pointed out in the counsel's argument were certainly such as were equally open to the observation of both master and servant.

The burden of proof is upon the servant to show that he had no knowledge of any defect in the machinery or appliances with which he worked. *Chicago etc., R. W. Co.* v. *Wagner, supra.*

The evidence clearly shows that the decedent was working at the time of his death in the regular line of his employment, and that in doing such work he assumed the dangers incident thereto.

The burden of proof is upon the servant to show that he had not assumed the risk of the danger. *Louisville, etc., R. W. Co.* v. *Quinn,* 14 Ind. App. 554.

In *Jenney Electric, etc., Co.* v. *Murphy,* 115 Ind. 566, Mitchell, J., says: "What he [the master] especially engages is, that he will not expose the employee to danger which is not obvious, or of which the latter has no knowledge or adequate comprehension, and which is not reasonably and fairly incident to and within the ordinary risks of the service which he has undertaken. There is another equally well settled principle correlative to the rules which define the duties of the employer, which holds the employee to the assumption of all risks naturally and reasonably incident to the service in which he embarks, so far as the hazards of the service are obvious and within the apprehension of a person of his experience and understanding."

And if an employe voluntarily uses a defective implement, the defect being alike open and obvious to employer and employe, the employe cannot maintain an action for an injury resulting from the use of such implements.

The evidence, we think, also shows that decedent and the crusher feeder were fellow servants.

Clark County Cement Company *v.* Wright, Administrator.

There was no evidence offered to prove or tending to prove that the appliances used by appellant were not such as were commonly used by other mills of similar purpose, or that the appliances could have been rendered less dangerous in their operation; nor were there any seeming defects pointed out that were not equally open and obvious to employer and employe.

If decedent gave the signal to apply the power while standing upon the track he was guilty of contributory negligence; if he gave the signal and then stepped upon the track he was guilty of contributory negligence; if his fellow servant, Bates, in the crusher room applied the power without the signal or by a mistaken signal, decedent's administrator cannot recover because decedent's death would be the result of the act of a fellow servant.

It is the rule of the Supreme Court of this State, and of this court, that after the circuit court has finally passed upon the verdict of the jury, all presumptions are in its favor, and this court will not interfere unless it clearly appears that substantial justice has not been done. In reversing the cause we do no violence to this rule. The evidence in this cause in our opinion does not establish the material averments of either paragraph of the complaint.

The judgment is reversed with instructions to sustain the motion for a new trial.

BLACK, J., was absent.