## CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY v. NEFF.

[No. 3,089.  Filed April 5, 1900.  Rehearing denied June 19, 1900.]

EVIDENCE.—*Personal Injuries.—Mortality Tables.*—A judgment for personal injuries will not be reversed because of the admission of the testimony of a witness as to the expectancy of life at the age of plaintiff based upon the mortality table of a certain life insurance company, where the expectancy given by the witness was less than that given by standard mortality tables of which the Appellate Court takes judicial notice.

From the Montgomery Circuit Court.  *Affirmed.*

*E. C. Field, W. S. Kinnan, A. D. Thomas* and *W. T. Whittington,* for appellant.

*G. S. Harney* and *J. F. Harney,* for appellee.

HENLEY, J.—This was an action commenced by appellee against appellant to recover damages for an injury received by appellee through appellant's negligence.  The trial resulted in a verdict and judgment in favor of appellee.  It is assigned as error that the lower court erred in overruling appellant's motion for a new trial.

If appellee was free from fault, there would seem to be no question of appellant's liability.  Counsel for appellant in their brief say: "The appellee, Neff, was a regular passenger on one of appellant's trains, and was rightfully on the car and in his proper place when injured through appellant's negligence."

The only question discussed under the assignment of error relates to the admission of the testimony of the witness, William W. Morgan.  The witness was asked by appellee to testify as to appellee's expectancy of life.  We think the witness was shown to be competent to testify upon the subject.  He was then asked if he had in his possession life tables of expectancy, and replied that he had the tables of the Northwestern Mutual Life of Milwaukee.  Witness was then asked what was the expectancy of life of a

man sixty years of age as shown by the tables referred to, and answered that it was thirteen and seventeen one-hundredths years. It would have been the proper practice, after witness had shown his competency to testify, to have asked him to state the expectancy of life of a man sixty years of age. In answering, witness could have referred to the tables to refresh his memory.

The court will take judicial knowledge of the United States mortality tables and of other standard tables of the same character. We must then know that appellant was not harmed by the evidence of the witness Morgan. He placed appellee's expectancy at a less number of years than it is placed by the United States mortality tables, the Carlisle tables or North Hampton tables.

The question as to the admissibility of evidence of the expectancy of life is exhaustively treated in the case of *Shover* v. *Myrick,* 4 Ind. App. 7. Also see *Clark County, etc., Co.* v. *Wright,* 16 Ind. App. 630.

We find no error for which the judgment should be reversed. Judgment affirmed.