No. 1,552.

## GILLILAND v. STATE OF INDIANA, EX REL. SHEA, PROSECUTING ATTORNEY.

PLEADING.—*Complaint.*—*Willful Failure to Deliver to Assessor List of Taxable Property.*—A complaint alleging that defendant willfully failed and refused to deliver to the assessor a list of taxable property, as required by R. S. 1894, section 8465, providing a penalty for failure to willfully refuse to deliver such list, sufficiently alleges that the assessor tendered a blank upon which to make the list, as required by section 8458.

EVIDENCE.—*Cross-Examination of Witness.*—*Discretion.*—The scope of the cross-examination of witnesses is largely in the discretion of the trial court.

SAME.—*Excluding.*—*Harmless Error.*—Error, if any, in excluding evidence is cured where such evidence is subsequently admitted.

From the Ripley Circuit Court.

*J. B. Rebuck,* for appellant.

*C. E. Wood, J. H. Shea,* Prosecuting Attorney, and *C. K. Bagot,* for appellee.

LOTZ, J.—This action was brought by the State of Indiana on the relation of the prosecuting attorney against the appellant to recover the penalty for a failure to deliver to the assessor a list of taxable property as provided by section 8464, R. S. 1894. Issues were joined. Trial and finding for appellee and judgment for fifty dollars.

The errors assigned in this court are: (1) Overruling appellant's demurrer to the complaint, and (2) overruling appellant's motion for a new trial. The only objection made to the complaint is that it does not aver that the assessor tendered or offered to furnish the appellant with a blank upon which to make his list. It is the

duty of the assessor to furnish each person with proper blanks upon which to make out a list of his personal property when he calls upon him for the purpose of assessment.    Section 8458, R. S. 1894.

Section 8465, *supra*, provides that if any person shall wilfully fail or refuse to deliver to the assessor, when called upon for that purpose, a list of taxable property, which he is required to list by law, he shall be liable to a penalty of not less than fifty nor more than five hundred dollars.    The complaint follows the language of the statute and avers that the defendant willfully failed and refused to deliver the list.    The charge that he wilfully failed and refused implies that he had the power to furnish the list.    If he had the power to furnish the list the implication is that he either had the list or could have procured it.    The complaint is sufficient.

It is asserted that the finding of the court is not sustained by sufficient evidence and is contrary to the law. A careful consideration of the evidence convinces us that neither of these grounds for a new trial is well taken.    The evidence clearly sustains the finding.

Another cause for a new trial is the alleged error of the court in sustaining the appellee's objection to certain questions propounded to one of appellee's witnesses on cross-examination.    There was no error in these rulings.    The course and scope of the cross-examination of witnesses is a matter largely in the discretion of the trial court.    This court will not interfere except in cases where it is apparent that this discretion has been abused.    There was no abuse in this instance.

Another cause for a new trial is that the court excluded certain testimony offered by the appellant while he was testifying in his own behalf.    If there was any error in this ruling it is harmless, for the appellant was

subsequently permitted to and did testify fully concerning the matters excluded.

We find no reversible error in the record.

Judgment affirmed.

Filed November 26, 1895.