Filed January 7, 1896.

---

No. 1,570.

## PAYNE *v.* GOLDBACH, ADMX., ET AL.

HARMLESS ERROR. — *Overruling Motion to Strike Out Part of Answer.*— *Overruling Demurrer.*—Refusal to strike out certain paragraphs of an answer and the overruling of a demurrer thereto, if error, is harmless to plaintiff, where defendant abandons such paragraphs on the trial and gives no evidence in support thereof.

EVIDENCE.—*Corporation.*—*Associates in Business.*—*Profits.* — *Joint Owners.*—The fact that two persons are associates in business pertaining to a corporation, is insufficient to show that one of them is a joint owner of the stock with the other, or that he is entitled to one-half the profits made by such other.

SAME.—*Corporation.*—*Franchise.*—*Relation of Parties.*—Evidence, that at the time a franchise was granted by a city to an electric light company, plaintiff's assignor, who claimed to be a joint owner of the stock was the mayor of the city, is admissible to show the relations of the parties.

Payne *v.* Goldbach, Admx., *et al.*

CORPORATION.—*Property Of.*—*Franchise.*—*Stockholder.*—A franchise granted by a city to an electric light company is the property of the corporation and not of an owner of stock therein.

WITNESS.—*Cross-Examination.*—*Discretion.*—The cross-examination of witnesses is a matter largely in the discretion of the trial court.

SAME.—*Decedent's Estate.*—*Wife of Assignor of Claim.*—The wife of an assignor of a claim against a decedent's estate. to whom a part of the claim has been assigned, is incompetent, in this State, to testify in favor of the assignee of the remaining part.

APPELLATE PROCEDURE.—*Conflicting Evidence.*—A finding by the court on conflicting evidence will not be disturbed on appeal.

From the Floyd Circuit Court.

*Stotsenburg & Voigt, J. B. Merriwether* and *Kelso & Kelso*, for appellant.

*F. B. Burke*, for appellees.

LOTZ, J.—The appellant filed a claim against the estate of Simon Goldbach, deceased, of which estate the appellee is the administratrix. The claim is in two paragraphs. In the first it is alleged that, in 1889, Simon Goldbach and others organized a corporation under the laws of this State known as the Electric Light, Gas Heating and Coke Company, of Jeffersonville, Ind., with a capital stock of $100,000, of which Goldbach held forty shares and the other incorporators twenty shares, and one Leo Weil 3,940 shares as trustee; that Weil held said shares as trustee for Goldbach and one Luther F. Warder, and that Goldbach held the forty shares for himself and the said Warder; that one-half of all the stock held by Goldbach and Weil, and all the rights, privileges, property and gains, together with the stocks and bonds of the corporation then held, or afterwards acquired by said Goldbach, was, by agreement between him and the said Warder, to be held in Goldbach's name, but in trust for the use and benefit of Warder, and were to be assigned and

transferred to Warder or his assigns whenever demanded by him or those who might be entitled thereto; that in furtherance of the agreement between Warder and Goldbach, Warder paid to Goldbach the sum of $800 ; that in 1889, Weil & Bro., acting for Goldbach and Warder, contracted with the company and agreed to erect an electric light plant for said 3,940 shares of stock, and that thereupon the said shares were issued to Weil as trustee; that Weil & Bro., acting for Warder and Goldbach, erected the electric light plant at a cost of $11,500, and thereupon sold and transferred the stock back to said company for $25,000, thereby making for Goldbach and Warder a profit of $13,500 ; that the Central Thompson-Huston Co., the company which erected said plant, also paid Goldbach $1,500 for obtaining the contract to erect said plant, one-half of which Warder was entitled to; that the Phœnix Company paid Goldbach $800 for obtaining for it the contract with said corporation for the machinery, one-half of which Warder was entitled to; that part of the stock transferred by Leo Weil, trustee, to the company, was sold and issued to purchasers at twenty-five cents on the dollar; that of the stock so sold, Goldbach purchased 670 shares, which are worth par; that other stockholders transferred eight shares to Goldbach, and that in November, 1890, the company, in payment for the franchise and good will, issued to Goldbach 400 shares; that of all the stock held by Goldbach, and of all the gains and profits made, Warder was entitled to one-half thereof; and that Goldbach refused to account therefor, and converted the same to his own use; that Warder assigned one-fourth of said claim to the appellant.

The second paragraph alleges that Goldbach and Warder jointly owned 3,980 shares of the capital stock

of the company and the real estate on which it was their intention to erect the plant; that they had made a contract with one Beetle, in which Beetle, in consideration of the stock, agreed that he would erect the plant and give each of them $1,000 in cash and $10,000 in the stock of the company; that afterwards Goldbach proposed that if Warder would agree to abandon the contract with Beetle, Goldbach would give Warder $1,000 cash and $10,000 in stock, and one-half of all that he might receive as bonuses and gratuities, and of all the gains and profits in any way connected with said company or on account of the stock and joint ownership; that this proposition was accepted by Warder. The other averments of this paragraph are substantially the same as the first.

The appellee filed twenty-six paragraphs of set-off.

The appellant moved to strike out each, and on these motions being overruled, she demurred to each one separately; these demurrers were overruled. There was a trial by the court and a finding and judgment in favor of the defendant. Each ruling on the motions to strike out, and on the demurrer to the answers, is assigned as error. But as the appellee abandoned these answers on the trial and gave no evidence whatever in support thereof, the rulings, even if erroneous, were harmless.

The only other error assigned is the overruling of appellant's motion for a new trial.

It is insisted that the finding is not supported by sufficient evidence, and is contrary to the law.

It is claimed that the undisputed evidence shows that Warder and Goldbach were associates in the business pertaining to the electric plant and joint owners of the stock. It does not follow that because they were associated in the business, Warder was a joint owner

of the stock or that he was entitled to one-half of the profits made by Goldbach. There was no evidence whatever that Warder ever invested any money in the business or that he gave anything whatever for an interest in the stock. Warder was not one of the incorporators, nor was any of the stock ever issued in his name. The evidence shows that the city of Jeffersonville granted a franchise to, and entered into a contract with, the corporation. This franchise and contract may have been valuable. If so, it was the property of the corporation and not of Goldbach. If Warder became the owner of any of the stock, it is fair to presume that he gave something for it. It was not a gift, for it was never delivered. If he gave his services in assisting the corporation in obtaining the contract and franchise (and such a transaction is valid), the evidence should establish it without conflict, if this court is to rule that the finding is not supported by the evidence or is contrary to the law. One of appellant's own witnesses testified that when he called upon Goldbach to make a demand for the stock, he denied that he owed Warder anything or that he had any electric light stock belonging to him. There was a conflict in the evidence on the material question, and this court cannot disturb the finding on the evidence.

Appellee contends that in any event the contract between Goldbach and Warder, even if established, would be void, because Warder was the mayor of the city at the time the franchise was granted and the contract entered into between the electric light company and the city. But it is unnecessary for us to determine this question.

The appellant complains of this action of the court in permitting the appellee, on cross-examination of appellant's witnesses, to bring out or to testify concerning

certain facts.    The cross-examination of witnesses is a matter largely in the discretion of the trial court. There was no abuse of its discretion in this case.

The appellant offered as a witness one Mrs. Warder, the wife of Luther F. Warder, the assignor of the claim.    Mrs. Warder was also an assignee of a part of the same claim which Warder asserted against Goldbach.    The appellee objected to the competence of this witness, which objection was sustained.    Complaint is made of this ruling.

Appellant's counsel in their brief admit that it was a discretionary matter with the trial court as to whether or not this witness should be permitted to testify, but insist that the refusal was an abuse of its discretion. It is sufficient to say that an abuse of such discretion lies in admitting, and not in refusing to permit, the witness to testify.

It is lastly insisted that the court erred in permitting the appellee to prove that at the time the franchise was granted and the contract made, Warder was the mayor of the city of Jeffersonville.    There was no error in this.    One of appellant's witnesses, in response to a question put by Mr. Warder himself, stated that he was the mayor at about that time.    It was a proper matter to go to the court to show the relations of all the parties.

We find no error in the record.

Judgment affirmed.

Filed January 7, 1896.