No. 1,727.

## DALE ET AL. *v.* JONES.

APPELLATE PROCEDURE.—*Weight of Evidence.*—This court does not weigh the evidence and determine upon which side it preponderates, but upholds the ruling of the trial court, if there is any reasonable evidence to sustain the verdict.

LANDLORD AND TENANT.—*Conversion.*—Where a landlord refuses to permit the assignee of his tenant to carry out the contract of such tenant, in harvesting and threshing a crop of wheat, and the landlord takes charge of such crop and appropriates the tenant's share to his own use, such acts will constitute a conversion, for which the landlord will be liable to his tenant's assignee.

INSTRUCTIONS TO JURY.—It is not error for the court to refuse instructions, when other instructions given by the court covered the same legal propositions.

From the Decatur Circuit Court.

*C. Ewing* and *D. Wilson*, for appellants.

*M..C. Jenkins* and *J. H. Parker*, for appellee.

Ross, J.—This was an action brought by the appellee, to recover personal property alleged to be unlawfully detained from him.

The appellants insist that the evidence is insufficient to sustain the verdict of the jury, in this, that it discloses that the appellant, James B. Dale, hired the appellant, William H. Lines, to work for him, thereby creating the relation of employer and employe, and that the wheat in controversy was sown by said Lines for the appellant Dale, as his servant and while working for him by the day, and that he was entitled to its possession, hence there was no evidence to show a wrongful holding. On the other hand, the appellee insists that the evidence shows

that, by the terms of the agreement entered into between the appellant Dale, and the appellant Lines, the former was to furnish the teams and seed wheat, and was to have two-thirds of the crop raised, he paying two-thirds of the cost of threshing, while Lines was to sow the wheat and harvest it, he furnishing the binding twine, and was to have one-third of the crop, and was to pay one-third of threshing, and that these facts, if proven, establish the relation of landlord and tenant between Dale and Lines, and that appellee, as the assignee of Lines, became the owner of one-third of the wheat raised.

There is some conflict in the evidence, but there is ample to establish the appellee's contention, that Lines sowed the wheat on the shares.

We cannot concur in appellants' contention that there is no evidence to sustain the verdict, for, after reading all of the evidence with great care, we are satisfied there is ample evidence to establish every fact necessary to a recovery by the appellee. Of course, were we in the same position as the trial court, and the evidence appeared, as it does now, in black and white, it is possible that we would conclude that the preponderance is in favor of appellant Dale, but, inasmuch as we do not weigh the evidence and determine upon which side it preponderates, we must uphold the ruling of the trial court, if there is any reasonable evidence to sustain the verdict. As heretofore stated, there is sufficient evidence to sustain the verdict.

There is nothing in appellants' contention that Lines abandoned the tending of the wheat, and that Dale was compelled to harvest it, hence was entitled to it all. The evidence discloses, that while Lines moved off Dale's farm before the crop was ready to harvest, he sold his interest in the crop to the

appellee, and the appellee undertook and agreed to carry out Lines' contract with Dale, and so notified Dale, but Dale refused to permit him to do so. Dale forbade the appellee either harvesting or threshing the wheat, and even threatened him with bodily harm if he attempted to harvest it. After refusing to permit appellee to carry out the contract to harvest and thresh it, these facts, coupled with the additional fact that appellant himself granted to one Burk the right to harvest and thresh the wheat, for which he was to have Lines' share, and appropriated it, refusing to let appellee have his share, was sufficient to establish a conversion in law for which appellant Dale is liable.

It is next urged that the court erred in giving certain instructions to the jury, but we find no error in this respect. If appellant Dale sold appellee's share of the wheat, either before or after it was harvested, he was liable for a conversion. And he was none the less liable whether he sold it before or after the transfer from Lines to the appellee. There is evidence that the alleged sale by Dale to Burk was not made until after the transfer from Lines to the appellee. Lines is a party to this judgment, and makes no claim adverse to the claims of the appellee, hence the judgment rendered estops him from setting up any claim against the appellant Dale for a conversion prior to the transfer to the appellee, even were we to hold that such transfer did not carry whatever right of action he may have had against Dale for a conversion prior to such transfer. The wheat had not been harvested or removed when Lines made the transfer of his interest therein to the appellee, and up to that time Lines had the same possession, or right of possession, that he had before that time. The conversion was not consummated until possession was taken and held ad-

Dale *et al. v.* Jones.

verse to him, which did not occur until after Lines sold to the appellee Jones.

The court did not err in refusing to give instructions numbered ten, fifteen, sixteen, eighteen, twenty-one, twenty-two, twenty-three, and twenty-four, of those tendered by the appellant Dale. No exception was saved to the refusal to give instruction numbered eleven of those tendered by the appellant.

We deem it unnecessary to take up and discuss each of these instructions separately, but, even though it be admitted that some of them state properly certain legal propositions, it was not necessarily error to refuse to give them. If they were not applicable to the facts proven, or other instructions given by the court covered the same legal proposition, their refusal was harmless.

The instructions given by the court were clear and proper, covering all of the material questions in issue, and were in the main in harmony with such parts of the instructions tendered and refused, as appellant was entitled to have given. A careful examination of the entire record in this case convinces us that the appellant has had a fair and impartial trial, and that a just result has apparently been reached. If not, it was because appellant failed to convince twelve of his fellow-citizens of the correctness of his version of the transaction in controversy.

The judgment of the court below is affirmed.

GAVIN, J., absent.

Filed June 9, 1896.