## The Home Insurance Company *v.* Sylvester.

[No. 3,092. Filed June 26, 1900.]

Insurance.—*Proof of Loss.—Waiver.*—Where an insurance company has been notified of a loss under a policy issued by it, and denies liability and refuses to pay, such action constitutes a complete waiver of proof of loss. *pp. 208, 209.*

Same.—*Action.—Proof of Loss.—Waiver.*—An action on an insurance policy was not prematurely brought under a provision in the policy that the company would pay the loss within sixty days after receiving proof of loss where it was shown that notice of the loss was given more than sixty days before bringing suit, and the company at such time denied liability and refused to pay. *pp. 209, 210.*

Same.—*Pleading.—Verification.—Non Est Factum.*—Where an insurance company in defense to an action on a policy filed an answer alleging false representations in the application, a reply thereto that the application was made by defendant's agent is not a plea of *non est factum* and need not be verified. *pp. 210, 211.*

Pleading.—*Harmless Error.*—Overruling a motion to strike out an argumentative denial is harmless error. *p. 211.*

Insurance.—*Application.—False Representations.—Blanks Filled by Agent.*—Where an agent of an insurance company, while acting in the scope of his authority, fills the blanks of an application for insurance with a statement not authorized by the party who signs it, the wrong will be imputed to the company and not to the insured. *pp. 211, 212.*

Same.—*Proof of Loss.—Waiver.—Evidence.*—In an action on an insurance policy evidence that defendant by its authorized agent and adjuster notified plaintiff that the company would not pay the loss and he need not bother them about it was sufficient to establish a waiver of proof of loss. *pp. 212, 213.*

Same. — *Evidence.—Witnesses.— Opinion Evidence.*—Witnesses who were farmers and who had built and owned barns, knew their values, and were acquainted with plaintiff's barn, and its condition

before the fire, were competent to testify as to the value of such barn, in an action for its loss by fire. *p. 213.*

TRIAL.—*Witnesses.—Cross-Examination.*—The extent to which the cross-examination of a witness may be carried is largely within the discretion of the court, and a cause will not be reversed on account thereof unless it appears that such discretion has been abused to the injury of the complaining party. *pp. 213, 214.*

APPEAL AND ERROR.—*References to Record.—Waiver.*—Where a party fails to call the court's attention to the particular part of the record where the questions asked to be decided may be found he thereby waives his right to have them decided. *p. 214.*

INSTRUCTIONS.—*Refusal to Give.*—Where the jury is once fully and clearly instructed upon a given point the court is not required to repeat the instruction in different language. *pp. 214, 215.*

From the Madison Superior Court. *Affirmed.*

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellant.

*T. Bagot, A. Ellison* and *C. K. Bagot,* for appellee.

WILEY, J.—Action by appellee against appellant upon an insurance policy to recover for loss of property occasioned by fire. Complaint in a single paragraph; answer in three paragraphs; reply in four paragraphs. A demurrer for want of facts was overruled to the complaint. Demurrers to the second and third paragraphs of answer and to the second and third paragraphs of reply were overruled. The case was tried by a jury, resulting in a verdict for appellee. Appellant moved for a new trial, which was overruled and judgment rendered on verdict. All of the above rulings, adverse to the appellant, are assigned as error. In the order of the argument of counsel, we will first discuss the sufficiency of the complaint.

Objection is urged to the complaint on the ground that there is no averment of proof of loss, and no sufficient averment showing a waiver of proof. The policy sued on contains these provisions: (a) That in case of loss, the assured was required to give appellant notice thereof within fifteen days, (b) make proof of loss within sixty days, and

(c) that if the assured complied with all the conditions of the policy to be performed by him, appellant was to pay the loss within sixty days after receiving proof of the loss. The fire occurred June 22, 1897, and the building insured was totally destroyed. The complaint avers a performance of all the conditions of the policy on the part of appellee; that in less than fifteen days after the fire, he notified appellant of the loss in writing; that in two or three days thereafter, appellant waived any additional or other proof of loss by sending its adjuster to adjust the loss; that said adjuster proceeded to adjust the loss and notified appellee that said loss would not be paid in full and offered appellee money in settlement and did not ask him to furnish any proof; that thereafter, and within sixty days after the fire, appellant notified appellee that it would not pay said loss. These averments are sufficient to obviate the objections named. It is the firmly established rule in this State, that if an insurance company has been notified of a loss under a policy issued by it, and denies liability and refuses to pay, such facts constitute a complete waiver of proof of loss. *Aetna Ins. Co.* v. *Shryer,* 85 Ind. 362; *Bowlus* v. *Phenix Ins. Co.,* 133 Ind. 106, 20 L. R. A. 400; *Little* v. *Phenix Ins. Co.,* 123 Mass. 380; *Continental Ins. Co.* v. *Chew,* 11 Ind. App. 330, 54 Am. St. 506; *Western Assurance Co.* v. *McCarty,* 18 Ind. App. 449; *National Ins. Co.* v. *Strebe,* 16 Ind. App. 110; *Home Ins. Co.* v. *Boyd,* 19 Ind. App. 173.

It is also urged that the complaint shows that the action was prematurely brought. It is averred that appellee notified appellant of the loss June 23rd, and that within two or three days from that time appellant sent its adjuster to adjust and settle the loss; that said adjuster then notified the appellee that the loss would not be paid. This was a denial of liability, and as we have seen, a complete waiver of proof of loss. This denial of liability was not later than June 26th, as shown by the complaint, and as the record shows the action was commenced August 30th, the objection

urged to the complaint that the action was prematurely brought is without merit.

The next question discussed by appellant is the overruling of its motion to strike out the second and third paragraphs of reply. The motion was in writing and the reasons assigned are: (1) That neither of said paragraphs is verified; (2) that they are each an argumentative denial; and (3) that they do not contain averments sufficient to avoid the answer. These paragraphs of reply are directed to the second and third paragraphs of answer, and in these answers it is alleged that the policy sued on was issued upon a written application made and signed by appellee; that it contained certain warranties and representations which were alleged to be false and misleading; that they were made with that intent and purpose and did work fraud and deceit on appellant.

For the purpose of disposing of the motion to strike out these paragraphs of reply, it is not necessary to refer in detail to all the specific averments of the second and third paragraphs of answer. The second paragraph of reply avers that one Alexander was the agent of appellant and was authorized to solicit insurance for it; that when he made application for the policy sued on, he did not live near the property destroyed; that said Alexander came to appellee to solicit said insurance; that he had formerly taken applications to insure the same property; that he had with him a blank application; that appellee could neither read nor write; that Alexander knew said fact; that he informed said agent that he was not well acquainted with the condition of the property; that said Alexander, as such agent, told appellee that he was well acquainted with said property and had written insurance on it before, and that thereupon said Alexander filled in all the answers in said application upon his own knowledge, and that appellee signed it by his mark. The third paragraph of reply is substantially like the second, except it avers that appellee signed the application

by his mark in blank upon the promise that said Alexander would correctly and honestly answer all the questions therein, and that in the absence of the appellee said Alexander did write all the answers in said application. The ruling of the court to strike out these paragraphs of the reply must be decided upon reasons assigned in the written motion. The first reason in the motion was that the paragraphs were not verified. It is urged that the replies were pleas of *non est factum* and hence were bad because not verified. We can not take this view of them. They were plead in bar of facts stated in the second and third paragraphs of answer, and it was not necessary that they be verified.

There is nothing in the second objection that the second and third paragraphs of reply were argumentative denials. If they did not amount to more than argumentative denials, overruling the motion to strike them out could not have harmed appellant, and even if it was error to overrule the motion, it would be no cause for reversal, because harmless. Courts do not reverse judgments for harmless errors. The objection that they state mostly evidentiary facts is not a sufficient ground upon which to base an error in refusing to strike them out. And the further objection that the averments are not sufficient to avoid the answer is not well taken. It is the settled law in this State that an agent of an insurance company, while acting within the scope of his authority, and who fills the blanks of an application for insurance, and it contains a misstatement not authorized by the party who signs it, the wrong, if any, will be imputed to the company and not the insured. *Pickel* v. *Phenix Ins. Co.*, 119 Ind. 291. In *Rogers* v. *Phenix Ins. Co.*, 121 Ind. 570, a similar question was presented, and in deciding it the court said: "If the application contains any false statements, or answers to questions, it is the fault of appellee's agent. It was he who framed and wrote them, and procured the application to be signed containing them. * * * If any

wrong was done, if any false statement was made, it was done and stated by appellee's agent, and it cannot take the benefit of a wrong committed by its own agent to defeat the payment of the loss." See *Howe* v. *Provident Fund Soc.,* 7 Ind. App. 586; *Continental Ins. Co.* v. *Chew,* 11 Ind. App. 330; *Michigan Mut. Ins. Co.* v. *Leon,* 138 Ind. 636; *Bowlus* v. *Phenix Ins. Co.,* 133 Ind. 106, 20 L. R. A. 400.

Here each paragraph of reply shows that appellee did not live near the property insured; that he did not know the condition it was in; that he informed the agent of that fact; that the agent told him he knew the property well and would correctly fill the blanks; that he did fill them as they appeared; and that appellee had no part therein. It appearing that Alexander was the duly authorized agent of appellant to solicit and write insurance, it must be held that when acting in that capacity he was within the line of his duty and the scope of his authority, and the wrong, if any, in making false answers, was the wrong of the company and not of appellee, and that payment of the loss can not be thus avoided.

Counsel next discuss the overruling of the demurrer to the second and third paragraphs of reply. What we have said on the motion to strike out applies with equal force to the demurrer. Each of these paragraphs of reply was good, and the court correctly overruled the demurrer thereto.

The fifth specification of the assignment of error is that the court erred in overruling the motion for a new trial. The motion for a new trial contained sixty-three reasons. We will notice only those discussed. The first, second and third reasons, that the verdict is contrary to the law and the evidence and not supported by sufficient evidence may be considered together. The first question under this head discussed is that the evidence wholly fails to show that there was any proof of loss, or a waiver of such proof. Upon the latter proposition, there is an abundance of evidence showing a waiver, and the jury expressly find in answer to an

interrogatory that appellant, by its authorized agent and adjuster, notified appellee that the company would not pay the loss, and he need not bother them about it. It having been established by competent evidence that appellant declined to pay the loss and denied liability, no proof of loss was necessary. Upon this proposition, we have above cited the authorities.

It is next urged that the court erred in permitting certain witnesses to testify as to the value of the property destroyed. The objection to their evidence rested upon the ground that they had not shown themselves competent to testify as to the value. These witnesses were farmers, who had built and owned barns, knew their value and were acquainted with appellee's barn and its condition before the fire. The court, in our judgment, did not err in admitting such evidence. But if such evidence was not properly admitted, it is evident that it was harmless, for the jury fixed the value at even less than appellant's adjuster placed it.

The eleventh, twelfth and thirteenth reasons for a new trial allege error of the court in sustaining objections to questions propounded appellee on cross-examination and in refusing to permit him to answer them. These questions propounded to appellee related (1) to a conversation with a person named pertaining to taking out an insurance policy on the barn before the policy in suit was issued; (2) to an examination of the barn by a former guardian of appellee, with a view of repairing it, and (3) to a conversation appellee had with his former guardian after the fire as to the value of the barn and what such former guardian said to him. Appellant's counsel have not suggested any tangible reason against the action of the court in sustaining these several objections upon which any reversible error can be predicated. The extent to which the cross-examination of a witness may be carried is largely under the control of the court, and a cause will not be reversed on account of the

discretion exercised by the court, unless it appears that such discretion has been abused to the injury of the complaining party. *Houk* v. *Branson*, 17 Ind. App. 119; *Shields* v. *State*, 149 Ind. 395; *Freeman* v. *Hutchinson*, 15 Ind. App. 639; *Payne* v. *Goldbach*, 14 Ind. App. 100; *Gilliland* v. *State*, 13 Ind. App. 651; *Chicago, etc., R. Co.* v. *Barnes*, 10 Ind. App. 460; *McDonald* v. *McDonald*, 142 Ind. 55; *Pennsylvania Co.* v. *Newmeyer*, 129 Ind. 401.

After a careful examination of the evidence in chief of appellee, we can not say that the trial court abused its discretion. Another reason why the court properly sustained the objections to these questions is that they were not pertinent to the examination in chief. It is settled law that the cross-examination of a witness must be confined to the general subject-matter upon which he testified on his examination in chief. *Siberry* v. *State*, 149 Ind. 684; *Miller* v. *Dill*, 149 Ind. 326; *Gemmill* v. *State*, 16 Ind. App. 154. There was no error in the rulings of the court under consideration.

As to the fifteenth and sixteenth reasons for a new trial, appellant has not called our attention to the particular part of the record where the questions asked to be decided may be found, and hence has waived its right to have them decided under rule twenty-five of this court and repeated decisions thereunder.

The seventeenth to the twenty-sixth reasons for a new trial, inclusive, relate to the admission and rejection of certain evidence. A detailed discussion of the many questions thus raised would require much time, without corresponding fruitful results. We have examined all such questions, and are clearly of the opinion that in its rulings relating thereto the trial court did not commit any reversible error.

The thirtieth to the sixty-second reasons for a new trial, inclusive, attack the action of the court in giving, in refusing to give, and in giving as modified certain specified instructions. From an examination of all the instructions

given, we are clearly of the opinion that they fairly and fully stated the law within the issues and were applicable to the facts proved. Some of the instructions tendered by appellant and refused by the court correctly stated the law, but there was no error in refusing to give them, for the reason that the court had embraced in the instructions given the same subject-matter, and had fully stated the law in reference thereto. The instructions given, relating to the subject-matter covered by those refused, were substantially the same, and in such case it is not error to refuse to give a correct instruction. Where the jury is once fully and clearly instructed upon a given point the court is not required to repeat the instruction in different language. *Hamilton* v. *Hanneman,* 20 Ind. App. 16; *Siberry* v. *State,* 149 Ind. 684; *Dale* v. *Jones,* 15 Ind. App. 420; *Eureka, etc., Co.* v. *Bridgewater,* 13 Ind. App. 333.

A studied consideration of the whole record leads us to the conclusion that the case was fairly tried upon its merits, and a just conclusion reached; and appellant has failed to call our attention to any error for which a mandate of reversal should be entered.

Judgment affirmed.