## NATIONAL LIVE STOCK INSURANCE COMPANY *v.* SIMMONS.

[No. 8,915. Filed January 14, 1916. Rehearing denied March 16, 1916. Transfer denied May 12, 1916.]

1. INSURANCE.—*Live Stock Insurance.—Breach of Warranty.—Estoppel.*—Where it appeared that plaintiff in an action on a policy of live stock insurance was illiterate; that the application was not read to him; that he truthfully and in good faith answered such questions as were asked by defendant's agent; and the circumstances were such as to warrant his belief that the agent had recorded the answers correctly, the defendant was estopped to rely upon alleged breaches of the warranty contained in such application. p. 16.

2. INSURANCE.—*Live Stock Insurance.—Forfeiture.—Notice of Sickness of Animal.*—Provisions in live stock policies requiring the insured to forthwith give notice of the sickness of the animal insured are to be construed as requiring notice within a reasonable time, so that where the animal insured became sick at two o'clock in the afternoon and died at midnight, and the owner was so situated that he could neither telegraph nor telephone to defendant company, and he and the veterinary worked with the animal until it died, and on the next day he notified the defendant and made proof of loss, the notice was timely within the provisions of a policy requiring notice of sickness to be given forthwith either by telephone or telegraph. p. 18.

From Gibson Circuit Court; *Simon L. Vandeveer*, Judge.

Action by John J. Simmons against the National

Live Stock Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. S. Meyberg,* for appellant.

*Claude A. Smith* and *Marsh T. Lewis,* for appellee.

IBACH, C. J.—This was an action to recover on a policy of insurance issued to appellee by appellant on the life of a mare named "Dove." In its second paragraph of answer, appellant averred that the policy provided that "the perils indemnified against by this policy do not include death from any cause where the assured does not render forthwith by telegraph or telephone" to the company at its home office, notice of any sickness or accident of the animal insured; that the horse became sick at two o'clock in the afternoon, and died that night at midnight, but appellee did not render notice of the sickness until after the animal's death. In its third paragraph, it averred that appellee warranted in his application for insurance that he had mortgaged the horse for $75, when in fact it was mortgaged for $91. In its fourth paragraph, it was alleged that appellee warranted that he had not lost any live stock in the two years last past, but that he had lost two animals in the two years last past. There was a reply in general denial and that appellant was estopped to rely upon the breach of warranty for the reason that appellant's agent had prepared the application and that appellee had given correct answers as to the facts. Appellee recovered judgment for $101.87 and costs. The only error assigned is the overruling of appellant's motion for new trial.

As to the alleged breaches of warranty, it appears from the evidence that the agent of appellant who filled in all the blanks did not ask appellee

1.   whether he had lost any animals during the past two years, and that the only question asked

him concerning the mortgage was as to how much money he was getting from the mortgagee, and he answered that he was getting $75, which was true, although the mortgage was for $91; that appellee, an uneducated man who can not read writing, did not read the application, nor was it read to him, but he signed it and afterwards the policy was left in the possession of the mortgagee of the horse. The insured fully, truthfully, and in good faith answered all the questions asked him by the agent, and he had a right to believe that the agent had recorded his answers correctly, and that he had asked all the questions required. "If the applicant for insurance, in good faith, gives truthful answers to such questions as are asked him, but the agent, whether purposely or not, but without the knowledge or connivance of the assured, inserts false answers, the wrong is that of the company and not that of the assured. The company will be estopped to attribute wrong to the assured. * * * Nor can it be said that the assured, who has fully, frankly, truthfully and in good faith answered all the required questions, is guilty of negligence in signing, without reading, the application which is thereupon prepared by the agent. He is justified in assuming that the agent has with equal good faith truthfully recorded the answers given. He may well say to the company, 'You accredited this man to me as your representative and I signed the application thus prepared by him, relying upon the character which you gave him when you commissioned him to come to me as your agent. If he acted dishonestly in the matter, you and not I must suffer the consequences.' * * * Nor is it material in this case whether the untruthful answer

was thus written from dishonest motives, or merely through mistake. The party whose act it was can not complain that the other party to the contract was guilty of negligence in trusting either his honesty or his accuracy." *Germania Life Ins. Co.* v. *Lunkenheimer* (1891), 127 Ind. 536, 542, 26 N. E. 1082. See, also, *Michigan Mut. Life Ins. Co.* v. *Leon* (1894) 138 Ind. 636, 645, 37 N. E. 584; *Bowlus* v. *Phoenix Ins. Co.* (1892), 133 Ind. 106, 117, 32 N. E. 319, 20 L. R. A. 400; *Continental Ins. Co.* v. *Chew* (1894), 11 Ind. App. 330, 332, 38 N. E. 417, 54 Am. St. 506; *Home Ins. Co.* v. *Sylvester* (1900), 25 Ind. App. 207, 211, 57 N. E. 991. The evidence was sufficient to show that the company was estopped from relying upon the breach of warranty.

Upon the question of notice, the evidence is that the mare became sick about two o'clock in the afternoon; that appellee lived four miles from the town of Princeton, and could not send a telegram on the day the horse died; that he tried to telephone to Princeton, but could not get through; that he finally reached a veterinary by telephone, who arrived at four o'clock; that the veterinary and appellee worked with the mare until she died about midnight, and it was not safe for either to leave her before that time. Appellee notified appellant the next day and furnished proofs of loss, and appellant disclaimed liability. In the recent case of *National Live Stock Ins. Co.* v. *Bartlow* (1915), 60 Ind. App. 233, 110 N. E. 224, this court in construing a similar provision requiring notice, said: "The language of the policy literally interpreted would require notice in case of sickness, however trivial, and that such notice be given by instantaneous action. The language, however, should receive a reasonable interpretation. * * * Nor should it be so interpreted as to require notice

simultaneous with the manifestation of the physical disorder, and regardless of attending circumstances * * *. In contracts of various kinds, the phrase 'at once' is construed as synonymous with 'immediately', 'forthwith', etc., where the subject-matter is the giving of notice. It is held that the use of such a term does not ordinarily call for instantaneous action, but rather that notice shall be given within such time as is reasonable in view of the circumstances. * * * In determining the question of reasonable time here, we can not lose sight of the fact that the policy, while it may not require it in all cases, plainly contemplates that notice of sickness should be given before the decease of the animal. In some cases, however, death might follow so rapidly on the footsteps of the sickness as that prior notice of the sickness would not be reasonably possible. * * * In our judgment, however, the phrase 'at once' as used in the policy should be construed * * * that such phrase calls for reasonable promptness of action, rather than instantaneous action. In determining what action is reasonable, regard should be had to the provisions of the policy, the symptoms manifested by the sick animal, and the surrounding circumstances." The circumstances shown by the evidence are such that it was practically impossible for appellee to have given the required notice before the death of the animal, and it appears that his entire time during the brief sickness before its death was taken up in giving it necessary attention. In view of such circumstances, we hold that the notice was given within reasonable time. Judgment affirmed.

NOTE.—Reported in 111 N. E. 18. When concealment or misrepresentation avoids insurance policy, 35 Am. Rep. 629. Effect of agent's insertion in the application of false answers to questions correctly answered by the insured, 4 L. R. A. (N. S ) 607; L. R. A. 1915 A 273. Effect of falsity when due to misconstruction of facts by insurer's agent, 16 L. R. A. 38.